ed States for the Northern District of Alabama. J. Ward Gurley, for the United States. James E. Zant, for defendants in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The parties in the above 18 cases having stipulated that the same order should be made therein as in No. 701, United States v. McCrory, 119 Fed. 861, therefore, in accordance with the opinion in the last-named case, this day handed down, the judgment of the District Court in each of said cases is reversed, and said causes are remanded to said District Court, with directions to dismiss them; and it is so ordered.

---

In re WHEELER. (Circuit Court of Appeals, Second Circuit. January 28, 1903.) No. 74. Appeal from the District Court of the United States for the Southern District of New York. Eugene Freyer, for appellant. O. C. Brown, for respondent. Before WALLACE, LACOMBE, and COXE, Circuit Judges. Appeal dismissed in open court upon the ground that petition for review should have been filed, instead of appeal taken.

---

YOUNG v. DALEY. (Circuit Court of Appeals, Second Circuit. March 12, 1903.) No. 116. Appeal from the Circuit Court of the United States for the Northern District of New York. Robert A. Hardie, for appellant. Frank C. Curtis, for appellee. Before WALLACE and LACOMBE, Circuit Judges. No opinion. Decree of Circuit Court affirmed.

---

FOLEY v. PENNSYLVANIA R. CO. (Circuit Court, S. D. New York. December 27, 1902.) Gilbert R. Hawes, for plaintiff. Henry G. Ward, for defendant.

PER CURIAM. This action is brought for the death of the intestate by the wrongful act of the defendant, for the benefit of the next of kin. He was single, 32 years old, a teamster earning $2 a day, and lived with his father and brother. The verdict is for $500, which the plaintiff moves to set aside as inadequate. The amount which would have been left for the next of kin after his own wants had been supplied out of his income, if he had lived, is so uncertain that it was peculiarly within the province of the jury, and so much so that we should not disturb a verdict unless passion or prejudice should appear. Under all the circumstances, neither does appear here. Motion overruled, and judgment on verdict.

---

RICORDI et al. v. JOHN CHURCH CO. et al. (Circuit Court, S. D. New York. January 9, 1903.) I. M. Dittenhoefer, for plaintiffs. Duncan Edwards, for defendants.

WHEELER, District Judge. The demurrer of one defendant and plea of the other do not appear to raise any different question of jurisdiction from that which was raised and decided on the hearing of the motion for a preliminary injunction. That decision is followed now as an authority in the cause, and also because, on examination of the subject, it is concurred in. Demurrer and plea overruled. Defendants to answer over by February rule day.

END OF CASES IN VOL. 120.